■ In the Matter of LUCILLE SAHN, Appellant, v. STANLEY SAHN, Respondent.— Order of the Family Court, Kings County, dated October 16, 1967, modified, on the law, the facts and in the exercise of discretion, by increasing the amount directed to be paid for appellant's support to $200 a week. As so modified, order affirmed insofar as appealed from, without costs. We are of the opinion that upon the entire record the support awarded below is inadequate to the extent herein indicated. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.

■ In the Matter of SAYVILLE COACHMAN INN, INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding under CPLR article 78 to annul the determination of the State Liquor Authority, which, effective June 5, 1968, cancelled petitioner's on-premises liquor license and made demand upon petitioner's $1,000 bond, on the ground that petitioner suffered or permitted the licensed premises to become disorderly in violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law in that it permitted homosexuals, degenerates and/or undesirables to be and remain on the licensed premises and conduct themselves in an offensive and indecent manner contrary to good morals on September 10, 1967. Petition granted, on the law and in the exercise of discretion, without costs, to the extent of modifying the determination by annulling the cancellation and in its place providing for a suspension of the license for 60 days, effective 10 days after service of a copy of the order hereon, with notice of entry. As so modified, determination confirmed. No questions of fact were considered. So much of petitioner's prior motion as was for a stay, upon which decision was reserved by order of this court dated July 10, 1968, is dismissed as academic. In our opinion, though there was substantial evidence to support the finding of the Authority relating to disorderliness because of homosexual activity, the penalty of license cancellation was excessive under the circumstances. Beldock, P. J., Christ, Rabin, Hopkins and Benjamin, JJ., concur.